# Stillwell *v.* Rickards, Appellant.

*Pleading—Amendment—Non assumpsit and payment.*

Under the act of May 27, 1887, P. L. 272, and the statute of amendments, a defendant who has pleaded non assumpsit, has a right at the trial to add the plea of payment subject to such reasonable terms as the court may impose.

*Assumpsit—Affidavit of defence—Payment—Evidence.*

Plaintiff's statement averred a loan to defendant. Defendant in his affidavit of defence denied that a loan had ever been made to him, and pleaded non assumpsit. At the trial plaintiff testified that he had used the sum loaned in paying a bill due by defendant, and that defendant had told him to make a due bill and put it in the cash drawer, but that, instead of doing so, plaintiff had credited himself in the regular books. Defendant testified that plaintiff, when he was about to leave his position as bookkeeper, stated that defendant owed him the sum claimed, which he had used in the business; that having confidence in plaintiff and no knowledge of the transaction, he told him to fill up a check for wages, and include his own claim in it. Plaintiff did so, and defendant signed the check. Plaintiff then went with the bookkeeper, who was to succeed him, to bank to cash the check. The money was handed to the bookkeeper, who absconded. Defendant requested leave to file a plea of payment, which the court refused, and gave binding instructions for plaintiff. *Held,* that the amendment should have been allowed; that the testimony of the defendant was relevant under the amendment; and that the case should have been submitted to the jury.

Argued Jan. 5, 1893. Appeal, No. 452, Jan. T., 1893, by defendant, George Rickards, from judgment of C. P. No. 3, Phila. Co., Sept. Term, 1890, No. 119, on verdict for plaintiff, Alfred C. T. Stillwell. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MCCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit for money loaned.

Plaintiff's statement was as follows:

"Alfred C. T. Stillwell, the above plaintiff, claims from George Rickards, the above defendant, the sum of $117.31 with interest. The plaintiff, on or about October 1, 1889, loaned to the defendant the sum of $117.31, to be paid by the defendant to the plaintiff within two or three days from the date of said loan. The defendant has never repaid the plaintiff the said sum or any part thereof, although frequently requested by the plaintiff so to do."

The affidavit of defence was as follows :

" George Rickards being duly affirmed, deposes : I am the defendant ; I have a true defence to this action.  The plaintiff did not loan to me at any time the sum of money claimed in this action, nor do I owe him the same or any part thereof, nor do I owe him any money, property or thing whatsoever."

Defendant pleaded non assumpsit.

At the trial, before GORDON, J., the only evidence was that of plaintiff and defendant.   This is sufficiently set forth in the opinion of the Supreme Court.

At the conclusion of plaintiff's testimony, defendant asked leave to file at bar a plea of payment, which was refused by the court. [1]

The court charged as follows :

" In this case the fact is that the plaintiff, with the consent of the defendant Rickards, used $117.13 in Rickards's business, and charged it upon the books as a loan, and this Rickards admits upon the stand, and from his testimony he alleges the payment, [but in the record of the case he never made any such plea, but denied the receipt of the money by him, and hence he cannot, at this stage, set off the defence of payment, as it is too late, and as his own testimony, together with the plaintiff's, shows that he received the use of that money.] [2] [Your verdict should be for the plaintiff for the amount claimed."] [3]

Defendant's points were as follows :

" 1. It appears from the facts testified to in this case that the defendant Rickards intrusted to the plaintiff Stillwell a check upon a bank which covered a sum of money sufficient to pay, among other things, the plaintiff the amount claimed in this action ; that, being thus intrusted with a check, the plaintiff Stillwell presented it at bank and drew the money on it, and that he thereupon instrusted the money so drawn to one Dell and parted from him ; that the said Dell disappeared with the money, and thus it was lost.   If the jury believe the evidence of these facts their verdict should be for the defendant." Refused. [4]

" 2. That where damages are caused by the conduct of one of two innocent parties the loss under the law must fall upon him whose conduct induced the damage, or independently of

whose conduct it would not have arisen. The loss in this case was caused by the action of the plaintiff Stillwell in intrusting the money to Dell, and accordingly the plaintiff cannot recover from the defendant here, and the verdict of the jury must be for the defendant." Refused. [5]

" 3. Under all the evidence in the case the verdict of the jury must be for the defendant." Refused. [6]

Verdict and judgment for plaintiff, $133.14. Defendant appealed.

*Errors assigned* were (1) refusal to allow plea; (2–6) instructions, quoting them; and (7) entry of judgment.

*Wm. W. Wiltbank*, for appellant.—The technical affidavit that no loan had been entered was a proper one: Shutz v. Jordan, 141 U. S. 213.

The affidavit was spent: Winton v. Savage, 4 C. P. Rep. 147; Findlay v. Stewart, 56 Pa. 183; Sullivan v. Johns, 5 Wharton, 366; Erwin v. Leibert, 5 W. & S. 105.

Under the plea of non assumpsit defendant was entitled to have the evidence which he offered admitted: Lyon v. Marclay, 1 Watts, 271; Finley v. Hanbest, 30 Pa. 190; Jones v. Ellison, 10 W. N. 205; Scott v. Kittanning Coal Co., 89 Pa. 241; Fisher v. Ball, 93 Pa. 390.

Under the act of March 26, 1806, defendant was entitled to file the plea of payment at bar: Bryson v. Ker, 4 S. & R. 308; Roop v. Brubacker, 1 Rawle, 304; Erwin v. Leibert, 5 W. & S. 105; Hobson v. Croft, 9 Pa. 363; Covely v. Fox, 11 Pa. 171; Smaltz v. Ryan, 112 Pa. 426.

*Theodore F. Jenkins*, for appellee.—As no notice of special matter was given, the defence was properly confined to matters strictly admissible under the plea filed: Steiner v. Erie Dime Savings & Loan Co., 98 Pa. 591.

OPINION BY MR. JUSTICE STERRETT, January 23, 1893:

In response to plaintiff's verified statement claiming $117.31, for money loaned, etc., defendant in his affidavit of defence avers: " I have a true defence to this action. The plaintiff did not loan me at any time the sum of money claimed in this action, nor do I owe him the same or any part thereof, nor do I owe him any money, property or thing whatsoever."

The cause was put at issue on the plea of non assumpsit

The only witnesses examined on the trial were the plaintiff and the defendant. The former testified to facts which, if true, fully sustained all the material averments of his claim; and, in the absence of countervailing evidence, entitled him to a verdict on the issue presented by the pleadings. Among other things, he testified that in the latter part of September, 1889, while he was still employed as defendant's bookkeeper, " a party came in to collect a bill and there was no money in the cash-drawer. I said I had $117.31 which I would let him (defendant) have for a few days, and he said he was very glad and told me to make a due bill and put it in the cash-drawer; but instead of doing this, as my time was about up, I credited myself in the regular books." He further testified in substance that the money thus temporarily loaned to the defendant was never repaid.

Assuming the facts to have been as testified by plaintiff, it was not even technically incorrect to characterize the transaction as a loan of money. No one cognizant of the facts would think of calling it anything else.

Defendant testified in substance that he never borrowed money from plaintiff; but, while he did so, he admitted that plaintiff, when about leaving his service on October 12, 1889, claimed $117 due him for money that had been used in his (defendant's) business; that, having full confidence in his integrity, he recognized the claim as just, and instructed him to include the sum named in a check he was then about filling for the purpose of drawing money with which to pay wages of other employees; that when the check was prepared, he signed and handed it to plaintiff with instructions to draw the money and retain out of it $117, the amount of his said claim; but, instead of doing so, he drew the money and handed it all over to his successor, Mr. Dell, who had entered upon the discharge of his duties as bookkeeper the day before, and thereupon Dell, instead of returning to the office with the money, appropriated it to himself and ran off.

As to the fact of Dell's receipt and embezzlement of the money there was no conflict of testimony; but plaintiff denied that the amount of his claim was included in the check, and also that he was instructed by defendant to draw the money and retain out of it $117, or any other amount, as defendant

had testified.   On the contrary, the substance of his testimony, on that subject, was that after defendant had drawn the check for $470, he requested him to accompany Dell to the bank and introduce him as his successor; that he did as he was directed, and Dell, after being introduced to the bank officer, drew the money and started to take it, as he supposed, to defendant's office; but, on returning there in the afternoon, he was surprised to learn, for the first time, that Dell had disappeared.

In view of defendant's own testimony, showing a recognized indebtedness of at least $117 by himself to plaintiff on October 12, 1889, and also the conflict of testimony as to whether said indebtedness had ever been paid or even any arrangement for the payment thereof had been made, in the manner testified by him, etc., his counsel moved to amend by adding the plea of payment.   That motion was denied; and thereupon the learned trial judge, for reasons given in that part of his charge recited in the second specification, directed a verdict in favor of plaintiff for the amount of his claim.

In the light of all the testimony given by plaintiff and defendant,—the only witnesses in the case,—considered in connection with the averments contained in the affidavit of defence, it is perhaps not surprising the learned judge thought that, in the circumstances, the defendant should not then be permitted to shift his ground of defence so as to adapt it to his own testimony, so much at variance with his affidavit of defence, etc.

While the proposed amendment was not in harmony with either the affidavit of defence or the issue presented by the pleadings, we think there was nothing in the circumstances to justify the court in denying defendant's motion.   The testimony of both witnesses was before the jury.   That of the plaintiff, if believed, fully sustains his claim.   The defendant proved an admitted indebtedness to plaintiff of at least $117, founded on a particular use of money, which, for sake of technical accuracy, he appears to have refused to call a loan. The only possible defence he had to that, under the evidence, was payment, and the only proof of payment, if any, had to be sought for in his own testimony, as to the transaction in which he claimed the recognized debt had been paid.   That testimony would have been relevant under the proposed amend-

ment, and competent for the consideration of the jury on the only question of fact as to which there could be any conflict of testimony.

The 7th section of the act of May 25, 1887, P. L. 272, abolishing special pleadings, provides that, "in the action of assumpsit the plea of the general issue shall be non assumpsit," but in addition thereto the defendant shall be at liberty "to plead payment, set-off, and the bar of the statute of limitations, and no other pleas." Under this, as well as the statute of amendments, the defendant had a right to add the plea of payment, subject to such reasonable terms as the court might have imposed.

While defendant's attitude, in the court below, may not have been entirely consistent, we see nothing in the case to warrant the conclusion that he had forfeited the right to amend, or to justify the court in directing a verdict in favor of plaintiff.

Judgment reversed and a venire facias de novo awarded.